The Honorable Joe E. Yates State Senator 1812 Clark Bentonville, AR 72712
Dear Senator Yates:
This is in response to your request for an opinion regarding the furnishing of securities for the deposit of public funds. You have asked, specifically, whether it is correct that assets do not have to be pledged until the total of public deposits exceed 25% of total deposits, excluding public funds. You have also asked whether assets such as real estate loans secured by first mortgages can be pledged until the 25% limitation is met.
You note in your request that many managers of local public funds are willing to accept real estate loans as collateral but are not sure it is permissible. It therefore appears that your questions are asked in relation to local public funds, as distinguished from State Treasury funds. This distinction must be initially recognized in light of the specific provisions governing the deposit of State Treasury funds under the State Treasury Management Law, which is codified at Arkansas Code of 1987 Annotated 19-3-201, et seq. This body of law must be reviewed in determining what security requirements are imposed with respect to State Treasury funds. It must be noted, for instance, that certificates of deposit of Arkansas banks are eligible for the investment of State Treasury funds classified as "Trust Funds," in accordance with A.C.A. 19-3-219 (a)(1)(A). A.C.A. 19-3-219(a)(1)(B)(iii) states that the certificates of deposit "shall be secured to such extent and in such manner as . . . the State Treasurer shall require." The investment of State Treasury funds classified as "State Funds" is under the exclusive jurisdiction of the State Board of Finance. A.C.A. 19-3-219(b)(1)(A).
It is therefore apparent that requirements imposed by the State Treasurer and/or the State Board of Finance must be considered with respect to State Treasury funds. These requirements may vary from provisions applicable to local public funds.
With respect to such local funds, it appears that the answer to your first question is yes. A review of Code provisions governing the deposit of public funds (A.C.A. 19-8-101, et seq.) indicates that depositories of local public funds may carry deposits up to the 25% figure unsecured. See A.C.A. 19-8-103 and 19-8-105.
It is my opinion that the answer to your second question is, generally, no. A.C.A. 23-32-1003 states in pertinent part as follows under subsection (b) with respect to the deposit of funds of public officers and agencies:
 (b) Such deposit may be secured by the pledge or escrow of the assets of the bank consisting either of bonds, notes, or treasury certificates of the United States, bonds or notes constituting direct obligations of the State of Arkansas, or bonds of local improvement districts in this state which are not at the time in default either as to interest or principal thereof, at such basis value respectively thereof as may be agreed upon, not exceeding ninety percent (90%) of the market value thereof at the time.
The categories set out in the foregoing provision do not appear to include real estate loans secured by first mortgages.
It must be recognized, however, that mortgages insured by the Federal Housing Administration ("FHA") may qualify as eligible securities in certain instances. A.C.A. 19-8-107(d) (Supp. 1987) states in pertinent part that "county officials may require the collateralization for the deposit of investment of public funds for amounts not fully insured directly by the United States." And A.C.A. 19-8-108 states as follows with respect to mortgages as security:
 Whenever securities must be furnished by any depository in the State of Arkansas as security for the deposit of any funds whatsoever or wherever securities must be deposited with any official of the State of Arkansas pursuant to any statute of this state, mortgages insured and debentures issued by the Federal Housing Administration and obligations of national mortgage associations shall be considered eligible securities for such purposes.
It may be concluded from the foregoing that real estate loans secured by mortgages that are insured by the FHA may secure the deposit of local public funds when collateralization is required pursuant to A.C.A. 19-8-107 (Supp. 1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.